### Caleb M. Miller v. Perks & Higgins, and James M. Coffman.

1. EQUITY PRACTICE—*Abandonment of Pleas.*—A plea to a bill in chancery is abandoned by the filing of an answer and a hearing by consent of all parties.

Mechanic's Lien.—Appeal from the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

Dodd & Pickrell, attorneys for appellant.

Karraker & Lingle, attorneys for appellees.

Mr. Presiding Justice Green delivered the opinion of the Court.

A bill was filed in this cause by Perks & Higgins, appellees, against appellant and one Ben. F. Warner, for a lien as material-men for material furnished Warner and used by him in the construction of a building for Miller, on a lot he owned in Anna, Illinois. The bill was afterward amended by making other persons additional defendants, among whom James M. Coffman was one, and he having answered the amended bill, filed his cross-bill for a lien on the same lot for a claim due him for labor as a brick mason upon the same house, as a sub-contractor under Warner. The cause was submitted and heard by the court upon the amended bill of Perks & Higgins, the answer of Warner, Miller and Coffman thereto, and replications to such answers, and the cross-bill of Coffman, the answers of Perks & Higgins, Warner and Miller thereto, and the replication to said answers; the evidence taken and reported by the master, under the order of the court, and the arguments of counsel for all of said parties.

The court being thus fully advised, found it had jurisdiction of the parties and of the subject-matter, and that the matters alleged in the petitioner's petition are true as therein stated; that petitioners, Perks & Higgins, were dealers in lath, shingles, cement and other building materials, at Mound City, Illinois; that on August 20, 1892, defendant, Miller, entered into a written contract with Warner to build for him a two-story opera house building, with basement, on his lot in Anna, Illinois (describing the same), for and in consideration of which Miller was to pay Warner $11,016 and for extras put in such building; that at the time of making such contract Miller was, and still is, the owner in fee of said premises; that after the making of such contract, Warner procured material and commenced the erec-

tion of said building, and continued to do and perform labor thereon until the work was taken out of his hands by said Miller, and that said Warner did not abandon his contract; that Perks & Higgins furnished Warner fifty barrels of Portland cement, at the contract price of $2.50 per barrel, and 200 sacks containing such cement, at ten cents per sack, from which a deduction is made of $21 for freight; and that there is now due said petitioners $144; that said material was shipped to Anna, Illinois, on July 17, 1893, was received by Warner and used in the construction of said opera building so built upon the premises aforementioned; that said Warner and Miller having, upon application of petitioners, refused to pay said sum of $144, said petitioners, on September 20, 1893, served notice on Miller that they had furnished said cement and sacks to Warner, so used in the construction of said building; that $144 was due them therefor, and that they would hold said building and ground upon which it is situated, liable for the sum due petitioners; that afterward, on September 26, 1893, petitioners filed with the Circuit Court of said county their claim for lien, as provided by statute, accompanied by the affidavit of petitioner Perks, as required by law. And the court doth further find that there was due and afterward became due to Warner, upon his said contract and for extras, a sum equal to amount due petitioners, and that said Miller paid the same out after the said notice and in violation of the rights of said petitioners. The court further found the allegations in the cross-bill of Coffman were true; that Coffman contracted with Warner to do the brick work on the walls of said opera house, and in pursuance of said contract had and did perform labor to the amount of $1,223.67, of which there remains due and unpaid to said Coffman $196.57; that on June 3, 1893, said Coffman notified Miller in writing he had been employed by Warner to perform said labor; that he had performed the same; that there was yet due and unpaid of the contract price the sum of $196.57, and that said Coffman would hold the interest of Miller in said building, and ground on which it was located, liable for the payment of

said sum; that said contract for the performance of said labor was entered into September 1, 1892, and the last day's work was done by Coffman on said building under said contract on May 20, 1893; that on June 27, 1893, Coffman filed with the clerk of the Circuit Court of said county his claim under oath for lien upon said premises for said sum, as required by law; that on May 20, 1893, the proportionate value of the contract then completed by Warner upon the original contract with Miller was equal to and of the value of $5,000, and that Miller, after the service of said notice, has paid out to said Warner and on his order, in violation of the rights of Coffman, the sum of two thousand dollars.

Upon these findings the court decreed that Perks & Higgins have and recover from Warner and Miller $144 and costs incurred by them, and that they have a lien therefor on said described premises, and the same be paid said petitioners, with interest from date of decree, within thirty days; and that Coffman have and recover from Warner and Miller $196.57, with his costs, and have a lien on said described premises for the amount so found to be due from Warner and Miller, and that the same be paid, with interest from date of decree, within thirty days. It is further decreed in case Warner and Miller shall make default in the payment of said sums of money within the time limited, the master shall make sale of said premises, or such part thereof as may be necessary to pay the amounts aforesaid, at public auction, to the highest and best bidder for cash, after having first given public notice of the time, place and terms of said sale, by publication in some newspaper published in said county, for the space of four weeks, and by posting like notices in four public places in said county for a like period of time; that upon the making of such sale the master will issue a certificate of purchase to the purchaser as provided by law, and out of the proceeds pay the costs, including his commissions and expenses of sale; secondly, pay to Perks & Higgins said sum of $144, and to Coffman $196.57, and interest due on each of said sums, and the surplus, if any, to Miller, and the master will report his doings to the court.

If the findings of the court as set out in this decree are warranted by the evidence, there can be no doubt that Perks & Higgins and Coffman were entitled to the relief prayed for and decreed to them. An examination of the record satisfies us that each of the findings is supported by sufficient evidence, and the provisions of the statute necessary to be complied with to entitle said Perks & Higgins and Coffman to a lien upon said premises for the amounts found due them, were fully complied with.

Our attention has been invited to a plea interposed by Miller to Coffman's cross-bill, but the hearing was by consent of all the parties upon the amended petition of Perks & Higgins, the answers thereto and replication to such answers, and the cross-bill of Coffman, the answer of appellant and others thereto and replication to such answer, and upon the issue so made the cause was heard and decided. The plea was abandoned as setting up a defense and can not now be considered by us.

In our opinion the decree is right and is affirmed.